**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**Holding a Criminal Term**

**Grand Jury Sworn in on May 7, 2012**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO.** |
| | : | |
| **v.** | : | **GRAND JURY ORIGINAL** |
| | : | |
| **AARON VAUGHN,** | : | **VIOLATIONS:  21 U.S.C. § 846** |
| **also known as "A.V.,"** | : | **(Conspiracy to Distribute and Possess** |
| **SIDNEY WOODRUFF, SR.** | : | **with Intent to Distribute One Hundred** |
| **also known as "Storm,"** | : | **Grams or More of Heroin, Cocaine Base** |
| **MARK EDWARDS,** | : | **Cocaine Hydrochloride, Phencyclidine,** |
| **LESHAWN BLACK,** | : | **3,4-Methylenedioxymethamphetamine,** |
| **also known as "Shanice Black,"** | : | **and Marijuana)** |
| **also known as "Shawn,"** | : | **21 U.S.C. § 841(a)(1) and § 841(b)(1)(C)** |
| **ROGER COBBLE,** | : | **(Unlawful Distribution of Heroin)** |
| **CALVIN STODDARD,** | : | **21 U.S.C. § 843(b)** |
| **JOSHUA BROWN,** | : | **(Unlawful Use of a Communication** |
| **DONALD JENKINS,** | : | **Facility)** |
| **KENNETH CABELL,** | : | **18 U.S.C. § 1956(h)** |
| **MELVIN SUGG,** | : | **(Conspiracy to Launder Monetary** |
| **SANDRA SETTLE,** | : | **Instruments)** |
| **BRIAN BAUER,** | : | **18 U.S.C. § 2** |
| **SEAN DOUGLAS,** | : | **(Aiding and Abetting)** |
| **JONATHAN MARSHAL,** | : | |
| **JASON MYERS,** | : | **FORFEITURE:** |
| **ALONZO FIELDS,** | : | **21 U.S.C. § 853(a), (p),** |
| **also known as "Zo," and** | : | **18 U.S.C. § 982(a)(1)** |
| **JEROME COBBLE** | : | |
| | : | |
| **Defendants.** | : | |

# I N D I C T M E N T

The Grand Jury charges that:

## COUNT ONE

From in or about December 2011, the exact date being unknown to the Grand Jury, and

continuing until in or about July 2013, within the District of Columbia, the State of Maryland,

the Commonwealth of Virginia, and elsewhere, defendants **AARON VAUGHN**, also known as "A.V.," **SIDNEY WOODRUFF, SR.**, also known as "Storm," **MARK EDWARDS**, **LESHAWN BLACK**, also known as "Shanice Black," also known as "Shawn," **ROGER COBBLE**, **CALVIN STODDARD**, **JOSHUA BROWN**, **DONALD JENKINS**, **KENNETH CABELL**, **MELVIN SUGG**, **SANDRA SETTLE**, **BRIAN BAUER**, **SEAN DOUGLAS**, **JONATHAN MARSHAL**, **JASON MYERS**, **ALONZO FIELDS**, also known as "Zo," and **JEROME COBBLE**, did knowingly and willfully combine, conspire, confederate and agree together and with other persons, both known and unknown to the Grand Jury, to unlawfully, knowingly and intentionally distribute and possess with intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance, and the amount of said mixture or substance was one hundred grams or more, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(i); a mixture or substance containing a detectable amount of cocaine base, also known as crack cocaine, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); a mixture or substance containing a detectable amount of cocaine hydrochloride, also known as powder cocaine, a Schedule II narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); a mixture and substance containing a detectable amount of phencyclidine, also known as PCP, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); a mixture or substance containing a detectable amount of 3,4-methylenedioxymethamphetamine, also known as Ecstasy, also known as MDMA, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C); and a mixture or substance containing a detectable amount of marijuana, a

2

Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(D).

(**Conspiracy to Distribute and Possess with Intent to Distribute One Hundred Grams or More of Heroin, Cocaine Base, Cocaine Hydrochloride, Phencyclidine, 3,4-Methylenedioxymethamphetamine, and Marijuana**, in violation of Title 21, United States Code, Section 846, and Title 18, United States Code, Section 2)

## COUNT TWO

On or about May 1, 2012, within the District of Columbia, defendant **KENNETH CABELL**, did unlawfully, knowingly, and intentionally distribute a mixture or substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance.

(**Unlawful Distribution of Heroin**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2)

## COUNT THREE

On or about May 1, 2012, within the District of Columbia, defendant **KENNETH CABELL**, did unlawfully, knowingly, and intentionally use a communication facility, that is, a telephone, to facilitate the distribution of a mixture or substance containing a detectable amount of heroin, a schedule I narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

(**Unlawful Use of a Communication Facility**, in violation of Title 21, United States Code, Section 843(b))

## COUNT FOUR

On or about May 3, 2012, within the District of Columbia, defendant **KENNETH CABELL**, did unlawfully, knowingly, and intentionally distribute a mixture or substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance.

(**Unlawful Distribution of Heroin**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2)

3

## COUNT FIVE

On or about May 3, 2012, within the District of Columbia, defendant **KENNETH CABELL**, did unlawfully, knowingly, and intentionally use a communication facility, that is, a telephone, to facilitate the distribution of a mixture or substance containing a detectable amount of heroin, a schedule I narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

(**Unlawful Use of a Communication Facility**, in violation of Title 21, United States Code, Section 843(b))

## COUNT SIX

On or about May 11, 2012, within the District of Columbia, defendant **KENNETH CABELL**, did unlawfully, knowingly, and intentionally distribute a mixture or substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance.

(**Unlawful Distribution of Heroin**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C) and Title 18, United States Code, Section 2)

## COUNT SEVEN

On or about May 11, 2012, within the District of Columbia, defendant **KENNETH CABELL**, did unlawfully, knowingly and intentionally use a communication facility, that is, a telephone, to facilitate the distribution of a mixture or substance containing a detectable amount of heroin, a schedule I narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

(**Unlawful Use of a Communication Facility**, in violation of Title 21, United States Code, Section 843(b))

## COUNT EIGHT

On or about May 24, 2012, within the District of Columbia, defendant **KENNETH CABELL**, did unlawfully, knowingly, and intentionally distribute a mixture or substance containing a detectable amount of heroin, a Schedule I narcotic drug controlled substance.

(**Unlawful Distribution of Heroin**, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and Title 18, United States Code, Section 2)

## COUNT NINE

On or about May 24, 2012, within the District of Columbia, defendant **KENNETH CABELL**, did unlawfully, knowingly, and intentionally use a communication facility, that is, a telephone, to facilitate the distribution of a mixture or substance containing a detectable amount of heroin, a schedule I narcotic drug controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C).

(**Unlawful Use of a Communication Facility**, in violation of Title 21, United States Code, Section 843(b))

## COUNT TEN

Between in or about July 2012 and in or about August 2012, within the District of Columbia, the State of Virginia, and elsewhere, defendant **JEROME COBBLE**, did knowingly and willfully combine, conspire, and agree with another person, whose identity is known to the Grand Jury, to violate Title 18, United States Code, Section 1956 (a)(1)(B)(i) by conducting and attempting to conduct a financial transaction affecting interstate commerce, that is, the purchase of a 2005 Lexus RX330, which involved the proceeds of a specified unlawful activity, that is, the sale and distribution of controlled substances, knowing that the transactions were designed in whole and in part to conceal and disguise the nature and source of the proceeds of said specified

unlawful activity, and knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

(**Conspiracy to Launder Monetary Instruments**, in violation of Title 18, United States Code, Section 1956(h))

## FORFEITURE ALLEGATION

1.      Upon conviction of the offenses alleged in Counts One, Two, Four, Six, and Eight, the defendants shall forfeit to the United States, pursuant to 21 U.S.C. § 853(a), any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of these offenses.   The United States will seek a forfeiture money judgment against the defendants equal to the value of any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of these offenses, for which defendants are jointly and severally liable.

2.      Upon conviction of the offense alleged in Count Ten, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in said offense, and any property traceable to such property.  The United States will seek a forfeiture money judgment against the defendant equal to the value of the property, real or personal, involved in this offense, and any property traceable to such property.

3.      If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

(a)     cannot be located upon the exercise of due diligence;

(b)     has been transferred or sold to, or deposited with, a third party;

(c)     has been placed beyond the jurisdiction of the Court;

(d)     has been substantially diminished in value; or

(e)     has been commingled with other property that cannot be subdivided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the

value of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture**, pursuant to 18, United States Code, Section 982(a)(1) and Title 21, United States Code, Sections 853(a), (p))

A TRUE BILL:


FOREPERSON.



Attorney of the United States in
and for the District of Columbia.